THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DION X. ADAMS, | CASE NO. C18-0892-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 14) to U.S. Magistrate Judge Theresa L. Fricke's report and recommendation ("R&R") (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections, ADOPTS Judge Fricke's R&R, and AFFIRMS Defendant's decision to deny benefits for the reasons explained herein.

**I.     BACKGROUND**

On March 11, 2014, Plaintiff applied for Supplemental Security Income ("SSI") for impairments he claimed to experience as of December 1, 2008. (Dkt. No. 8-2 at 16.) Administrative Law Judge ("ALJ") Kimberly Boyce acknowledged that Plaintiff "has the following severe impairments: degenerative disc disease; degenerative joint disease; loss of visual acuity; depressive disorder; anxiety disorder; [and] trauma and stressor related

disorders/post-traumatic stress disorder." (*Id.* at 19.) The ALJ applied the five-step evaluation process outlined in 20 C.F.R § 416.920(a) to determine whether Plaintiff is disabled. (*See id.* at 17–18.) The ALJ determined that Plaintiff's impairments did not reach the severity level required for disability. (*Id.* at 20.) The ALJ further found that Plaintiff has a residual functional capacity to perform "light work" and that Plaintiff could perform a number of "jobs that exist in significant numbers in the national economy." (*Id.* at 22, 28.) Based on these findings, the ALJ determined that Plaintiff is not disabled, rendering him ineligible for SSI benefits. (*See id.* at 29.)

Plaintiff sought judicial review of the ALJ's decision. (Dkt. No. 13 at 1.) Judge Fricke's R&R agrees with the ALJ's decision, and recommends affirming Defendant's decision to deny benefits. (*Id.* at 10.) Plaintiff has filed objections to Judge Fricke's R&R. (Dkt. No. 14.)

## II. DISCUSSION

### A. Standard of Review

The Court reviews objections to a magistrate judge's report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1) (2018). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Conflicting Evidence and Credibility of Medical Opinion

Plaintiff objects to the R&R primarily because it affirms the ALJ's decision to give "significant weight" to state agency physicians' opinions, while giving "very little weight" to the opinion of Dr. Jenny Abrams, Plaintiff's treating physician. (*See* Dkt. No. 14; *see also* Dkt. No. 8-2 at 25–27.) The state agency physicians "describe a more benign view of [P]laintiff's limitations" than does Dr. Abrams. (Dkt. No. 13 at 5.) The ALJ found that Dr. Abrams' opinion "conflicts with the record throughout the period at issue which consistently shows normal functionality." (Dkt. No. 8-2 at 26.) Plaintiff claims that the R&R "failed to show that the ALJ gave specific, legitimate reasons" for determining the relative credibility of the medical opinions by failing to cite to the record and by incorrectly interpreting some of the medical evidence. (*See* Dkt. No. 14 at 7.)

Judge Fricke cited to the record to demonstrate the conflict between Dr. Abrams' opinion and the medical evidence. (*See* Dkt. No. 13 at 6–9.) Judge Fricke recognized that when evidence elicits more than one rational interpretation, the Court should uphold the ALJ's interpretation. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). When there are conflicts in medical testimony, the ALJ is tasked with deciding the relative credibility. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). If a medical opinion is "inadequately supported by clinical findings" the ALJ need not accept that opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ properly weighed the evidence before her and cited the record in support of her conclusion. (Dkt. No. 8-2 at 18–28.) Thus, Judge Fricke correctly approved the ALJ's interpretation of the medical evidence and decision to assign greater credibility to state agency physicians' opinions over Dr. Abrams'.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 14) and ADOPTS Judge Fricke's report and recommendation. (Dkt. No. 13.) Defendant's decision to deny Plaintiff SSI benefits is AFFIRMED. The Clerk is DIRECTED to send copies of this order to Plaintiff and to Judge Fricke.

DATED this 20th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE